## KIRTLEY v. THE STATE.

4. OBTAINING MONEY BY PERSONATING ANOTHER: *Personation must
    be proved as alleged.*

The allegation of the false personation in an indictment for obtaining
money by personating another, is descriptive of the offense, and
must be proved as alleged; and proof that two were acting in
concert and one of them personated the assumed party with the
assent and concurrence of the other, will not sustain the charge of
false personation by the latter.

APPEAL from *Conway* Circuit Court.
Hon. W. D. JACOWAY, Circuit Judge.

### STATEMENT.

This was an indictment in the Conway Circuit Court,
for obtaining money by falsely personating another, charg-
ing that "The said James Kirtley on the seventh day of
March, 1881, in the county and State aforesaid, unlawfully,
feloniously and falsely, did represent and personate J. P.
Allnutt, and in such assumed character, unlawfully and
feloniously did receive from one B. H. Montgomery the sum
of twenty dollars," describing it, etc.

Upon the trial W. P. Childres for the State, testified in
substance, that on the evening of the seventh day of March,
1881, in Morrilton, Conway county, Arkansas, about an
hour after dark, defendant and Britt Treadway came into
Wells & Hawkins' store together, where witness was, and
tried to borrow ten dollars from a Mr. Scott, to get Polk
Davis out of the calaboose; and failing, they swore they
would get him out, and started out. Witness and a young
man followed to see what they would do, and found them
around the corner of the house talking. He heard one of

them say: "Montgomery has got plenty of money, and let's get it," and the other replied, "all right," and both started toward the calaboose, witness and the young man following some six or ten paces behind. When they arrived at the calaboose Treadway said, "Montgomery, how are you getting on?" Montgomery replied, "Polk, bad enough." Treadway said, "give ten dollars more and I'll turn you out." Montgomery, cursing, said, "I gave you ten dollars awhile ago to turn me out and you went off and left me in here." Treadway then caught hold of the bars of the door and shook them violently, and in an angry tone said: "Dry up immediately, or I'll come in and chain you down, flat of your back." This seemed to frighten Montgomery, who replied: "Oh! no, Mr. Allnutt, don't do that; I'm sober now, and want to be out of here." Treadway then said: "Give us ten dollars more and I'll turn you out. I charged you ten dollars for your first release, and for your second will charge you twenty dollars." Witness then asked defendant if Treadway had any of Montgomery's money. He said, "yes, he has ten dollars; I had it in my possession not five minutes ago." Witness then told Treadway that there was no law for robbing a man, if he was a prisoner, and he was fixing himself, perhaps, for a term in the penitentiary. At this he handed to Montgomery, through the calaboose window, what appeared to be a bill, saying: "Here, Montgomery, is your money." Defendant then placed his hands on witness' shoulder, and said: "Hold on, Mister; that man's got plenty of money, and we want it to release Davis." Witness stepped back and defendant then stepped up to the window, and said: "Montgomery, if you want to get out, give me twenty dollars and I'll release you. If not, I am going to bed, and will leave you here till morning, if not for a week." Montgomery replied: "Oh! no, Polk; don't do

that. I'll give you twenty dollars if you will pledge yourself to turn me over my horse, so I can leave town." Defendant replied: "Hand me twenty dollars, and I'll turn you out and deliver up your horse immediately." Montgomery handed him a twenty dollar bill (witness describing it), and as defendant turned off with it, witness took hold of his arm and told him he "could not rob that man in that way, if he was a prisoner;" and held his arm until he returned the money to Montgomery. Defendant then got on his horse, which was hitched near by, and rode off. Witness reported to Allnutt what had occurred, and he went to the calaboose and turned Montgomery out. J. P. Allnutt is called "Polk Allnutt."

Fillmore Cleveland, for the State: "Heard Britt Treadway talking to Montgomery, at the calaboose, about some money, wanting him to give to defendant twenty dollars, to get him, Montgomery, out of prison; and Montgomery was addressing Treadway as "Mr. Allnutt;" and Mr. Childress made Treadway hand back to Montgomery ten dollars he had taken from him. Treadway then stepped off and defendant went to the window and told Montgomery to give him twenty dollars, and he would turn him out. Montgomery spoke to him as "Mr. Allnut," and handed to him a twenty dollar bill, that looked green. Did not see the kind or denomination of the bill. Defendant, on receiving the bill, said, "here is the officer," and handed the bill to Treadway, who refused to take it; and Childress caught hold of defendant, and he returned the bill to Montgomery, and then got on his horse and rode off."

J. P. Allnutt, for State: "Was town marshal of Morrilton; had put Montgomery in the calaboose, the day spoken of, for being drunk and boisterous. When he got sober took him before the mayor and he was fined, and when released he got drunk and noisy, and witness put

65–38

him in the calaboose again and kept him there until informed by Childress, that night, of the conduct of Treadway and the defendant.

The defendant introduced no evidence.

The instructions passed on by the court sufficiently appear in the opinion. The defendant was found guilty, and his punishment fixed at one year in the penitentiary ; and after motion for new trial overruled, he filed his bill of exceptions, and obtained an appeal from one of the judges of this court.

*C. B. Moore*, Attorney-General, for appellee.

The indictment is good. *Sec.* 1375, *Gantt's Dig. Treadway* v. *State*, 37 *Ark.*, 443. The instructions fairly present the law of the case. There was no error in permitting the State to prove that Allnutt was the town marshal. The object of defendant in personating, was to induce Montgomery to believe that, as *marshal*, he would release him.

The instructions asked for appellant are, some of them, misleading.

The 2nd and 3rd exclude the idea of defendant's guilt as an accomplice, or aider or abettor, or that he and Treadway could, jointly, commit the offense.

EAKIN, J. The indictment charges that the appellant "did represent and personate one J. P. Allnutt, and *in such assumed character*, unlawfully and feloniously did receive from one B. H. Montgomery, the sum of twenty dollars." There were other allegations to make a good indictment.

There was evidence tending to show that, when the supposed crime was committed, he was in company with one Treadway ; and upon the evidence there was a question of

fact, as to whether the money had been obtained by falsely representing to Montgomery that *appellant* was Allnutt, or that *Treadway* was; or whether each of them had not, during the transaction, represented that he, himself, was Allnutt.

Kirtley alone, however, was indicted upon the specific charge, in effect, that he had, himself, personated Allnutt, and assumed his character. This was descriptive of the offense, although the turpitude of the crime would be no less, in obtaining money by co-operating with Treadway, in representing that Treadway was Allnutt, and although the punishment would be the same; yet that would be a pretense wholly different from representing that the appellant was Allnutt.

In the indictment for the common law cheat, it was necessary that " the several elements of the offense should be alleged, and with due particularity."

The symbol, or token, or means of the fraud, were required to be set forth; " how it was addressed to the person operated on, and how it accomplished a fraud, and what fraud." In indictments upon Statutes like this, it has been required that the facts be given as minutely and particularly as would be required by the common law rules. The particular pretences must be stated, that the defendant may certainly be advised as to what he must answer. (*See Bishop on Crim. Pro., vol. 2, sec.* 158, *et seq.*)

The court erred in refusing the instructions asked by defendant, to the effect that " they must believe, from the evidence, that the defendant or his accomplice represented to Montgomery that he (defendant) was J. P. Allnutt, and that in such assumed character, he received the money from Montgomery, and that Montgomery delivered to him the money, believing that he was delivering it to J. P. Allnutt."

And also in giving, on its own motion, the correlative

instructions to the effect, that if they believed the defendant and Treadway were acting in concert, and either of them personated Allnutt, with the consent and concurrence of the other, they might find the defendant guilty.

Whilst it may be truly said that each and every principal does the act in which he participates, yet the act done must be truly described, in all its essential elements, and proved as charged.

What the verdict might have been, under correct instructions, is not for us to consider. The defendant was entitled to them; that the jury, discarding all parts of the evidence tending to show that Treadway personated Allnutt, should confine their attention to all which tended, directly or indirectly, to show that the appellant did.

Reversed and remanded.